No. 47,612

The Kansas Commission on Civil Rights, *Appellant* v. Darrell D. Carlton, State Labor Commissioner, *Appellee.*

(533 P. 2d 1335)

Opinion filed April 5, 1975.

*Roger W. Lovett,* of Topeka, argued the cause, and *Curt T. Schneider,*

attorney general, and *Charles S. Scott,* of Topeka, were with him on the brief for the appellant.

*F. Duane Roberts,* or Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal from a district court judgment denying the application of the Kansas commission on civil rights for an order directing the state labor commissioner to comply with a subpoena duces tecum issued by the civil rights commission.

The proceeding grows out of a complaint filed April 20, 1972, with the KCCR by Beulah Van Buren, a black American, wherein she alleged that the job opportunity center at Hutchinson had discriminated against her because of her race in its job referral practices, in violation of the Kansas act against discrimination (K. S. A. 44-1001, *et seq.,* as amended). The job opportunity center is an agency of the employment security division, state labor department, established to provide employment office services to the public. The same complaint by Mrs. Van Buren had been the subject of litigation in Reno county under an ordinance of the city of Hutchinson, which litigation was on appeal to this court while this proceeding was pending in the trial court and was decided December 8, 1973 (*City of Hutchinson v. Hutchinson, Office of State Employment Service,* 213 Kan. 399, 517 P. 2d 117).

During the course of its investigation of the complaint with which we are here concerned, and on February 9, 1973, the KCCR issued a subpoena duces tecum upon appellee Darrell D. Carlton, state labor commissioner and chief officer of the state labor department. This subpoena, issued pursuant to authority granted the KCCR by K. S. A. 1974 Supp. 44-1004 (5) was served upon Mr. Carlton by leaving a copy with a secretary in his office. The subpoena duces tecum requested the following items:

"1. Complainant's Kansas State Employment Service No. 511 Card or application card to the Kansas State Employment Service, Hutchinson Job Opportunity Center. All Kansas State Employment Service No. 511 Cards of persons who were referred to the jobs that the Complainant was referred.

"2. Test scores of Complainant and test scores of all applicants referred to the same job and/or jobs that former was referred.

"3. All job orders received by Kansas State Employment Service, Hutchinson Job Opportunity Center from six months prior to the Complainant's first application to January 19, 1972. These job orders shall include job bank

and local job orders that were received by the Hutchinson Job Opportunity Center.

"4. Records or computer read-outs for the year January 1971 to January 1972. These read-outs shall show the number of referrals, number of disadvantaged referrals, number of placements. Also, this read-out information shall show the number of referrals to $1.00 to $1.50 an hour jobs; $1.50 to $2.00 an hour jobs; $2.00 to $2.50 an hour jobs; $2.50 to $3.00 an hour jobs; $3.00 to $3.50 an hour jobs and $3.50 an hour and up jobs. This shall include the number of minority referrals to each category and total number of referrals in each category as well.

"5. Testimony from employees of Hutchinson Job Opportunity Center, Kansas State Employment Service who referred the Complainant to the various business establishments mentioned in the complaint."

Mr. Carlton did not comply with the subpoena and on February 23, 1973, the KCCR initiated the present proceeding by filing an application in the trial court pursuant to 44-1004 (5) for an order directing Mr. Carlton to comply with it. The KCCR sought an *ex parte* order on the date the application was filed; however, the trial court declined to issue such an order and directed the labor commissioner be given notice of the filing of the application and an opportunity of being heard upon it. The commissioner responded with a variety of motions seeking to avoid the issuance of a compliance order. He also filed an answer in which he asserted the application was not made by the real party in interest in that it should have been made by the investigating commissioner; that no claim upon which relief could be granted had been stated; that improper service had been had upon him and the court had no jurisdiction because service had not been had upon him as a state officer by service upon the attorney general. He also alleged items three and four of the subpoena were immaterial and irrelevant and that item five asked for testimony of employees of the Hutchinson job opportunity center. Additionally Mr. Carlton filed a "third party complaint" asking that the members of the KCCR be enjoined from proceeding further until the city of Hutchinson case pending before this court was decided—this on the assertion that under the doctrine of concurrent jurisdiction the district court of Reno county had obtained primary jurisdiction over the entire matter concerning Mrs. Van Buren's complaint of discrimination. The trial court heard the matter and on June 18, 1973, rendered its decision in a memorandum opinion. It sustained a motion by the KCCR to strike the third party complaint. It ruled that although an *ex parte* order had been requested it was vested with discretion

to require notice and hearing before requiring compliance with a subpoena issued by the KCCR; that service of such a subpoena must be made on the party required to respond and K. S. A. 1974 Supp. 60-304 (*d*) requiring service of summons upon state agencies to be made on the attorney general was not applicable; that the Reno county action was brought under the limited provisions of a city ordinance and the Reno county district court was not in a position to determine the whole controversy nor afford complete relief, by reason of which the priority principles of concurrent jurisdiction were inapplicable; that items one and two of the subpoena duces tecum were proper; that items three and four were overbroad, oppressive and unreasonable, and that item five was too broad unless modified; that the trial court did not have power to modify the subpoena and because portions of it were too broad, the application for an order directing compliance had to be denied. The trial court rendered judgment accordingly.

The KCCR appealed from the rulings adverse to it and the labor commissioner filed notice of cross-appeal from those adverse to him. However, the latter failed to perfect his cross-appeal and it was dismissed by the trial court.

Before dealing with appellant KCCR's points upon appeal certain procedural matters urged by appellee-state labor commissioner in support of the trial court's judgment should be considered.

Appellee renews his contention the subpoena was defective because it was signed by the executive director of KCCR rather than an investigating commissioner who had responsibility for the investigation of the particular complaint. K. S. A. 1974 Supp. 44-1004 (5) simply provides that *the commission* may issue subpoenas, etc. There is no statutory requirement that a subpoena shall be issued or signed by an investigating commissioner or any other particular type of commissioner or officer. The subpoena here was in the name of the Kansas commission on civil rights, signed by its executive director, Anthony D. Lopez. The executive director is a statutory officer whose duties with KCCR are fulltime (K. S. A. 1974 Supp. 44-1003). From the nature of the position signing a subpoena issued by the commission manifestly would be included among his functions as the commission might prescribe. Appellee's contention is without merit. Nothing said herein should be construed to mean that no one other than the executive director of KCCR may properly sign subpoenas issued pursuant to 44-1004 (5).

Appellee contends the subpoena duces tecum was invalid be-

cause it was not served upon the attorney general as required by K. S. A. 1974 Supp. 60-304 (*d*). That statute provides:

"*Summons; personal service.* The summons and petitions shall be served together. The plaintiff shall furnish the clerk such copies of the petition as are necessary. Service shall be made as follows:

. . . . . . . . . . . . . .

"(*d*) *Governmental bodies.* . . . upon the state or any governmental agency of the state, when subject to suit, by delivering a copy of the summons and petition to the attorney general or an assistant attorney general."

This statute provides a method of service of *summons* once a petition is filed in an action against the state or a state agency. The document in question here is not a summons as that term is used in connection with the commencement of a lawsuit under K. S. A. 60-301—it is a subpoena requesting appellee to furnish appellant with certain documents. Other statutes provide for service of a subpoena. Appellee is a state officer but the statute relied upon by him on its face is not applicable to a subpoena and the trial court properly ruled that is was necessary only to serve the subpoena upon the person asked to respond, the appellee.

Appellee also asserts the subpoena was defective and invalid because it was not served on him but instead was served on a secretary in his office. Appellant responds to this contention, and we think correctly so, that this point was not raised in the trial court but is raised for the first time on appeal and hence the irregularity is to be deemed waived. It is true appellee's answer alleged improper service had been had upon him but this was asserted only in connection with the failure to serve a copy of the subpoena upon the attorney general. The record on appeal contains a transcript of the argument before the trial court upon the issue of improper service but there is no mention therein of service upon a secretary rather than upon appellee. In presenting his point that service had not been had on the attorney general counsel for appellee specifically pointed out that service had been had on appellee *personally* rather than as a state officer. Our rule that an issue not presented to the trial court cannot be a subject for appellate review is particularly appropriate here because had it been raised the irregularity could have been promptly remedied without further ado. The same can be said of appellee's belated contention that notice to him of appellant's application in district court was improperly served on a secretary rather than on him.

Appellee also points out in his brief that our employment secur-

ity law contains limitations on disclosure of information. Here again this issue was not pleaded in appellee's lengthy answer. Had it been, it would not have been applicable by reason of an exception stated therein. The statute relied upon, K. S. A. 1974 Supp. 44-714 (*f*), provides in pertinent part with respect to the keeping of certain work records and reports:

"Information thus obtained or obtained from any individual pursuant to the administration of this act, shall, except to the extent necessary for the proper presentation of a claim, be held confidential, and shall not be published or be open to public inspection (other than to public employees in the performance of their public duties) in any manner revealing the individual's or employing unit's identity. . . ."

Appellant is a public agency seeking the information in question in the performance of its public duties and is within the exception.

We turn now to the three points raised by appellant on its appeal. It first contends the trial court had no authority to require that notice and corollary right to be heard be given appellee of the filing of appellant's application for an order directing compliance with the subpoena duces tecum. Appellant sought an *ex parte* order at the time it filed its application. Its argument is it should be no more difficult or burdensome on the KCCR to obtain a court order for compliance with a KCCR subpoena than it is for a party to a civil suit to obtain a subpoena. Appellant then points to language in K. S. A. 1974 Supp. 60-245 (*a*) stating that the clerk of the district court shall issue a subpoena to the party requesting it, who shall fill it in before service. However, the statute in question here is significantly different. K. S. A. 1974 Supp. 44-1004 generally authorizes the civil rights commission to receive and investigate complaints alleging discriminatory employment practices, to subpoena witnesses, compel their appearance, require the production for examination of records, documents and other evidence or possible sources of evidence and further provides:

". . . . In case of the refusal of any person to comply with any subpoena, interrogatory or search warrant issued hereunder, or to testify to any matter regarding which he may be lawfully questioned, the district court of any county *may,* upon application of the commission, order such person to comply with such subpoena or interrogatory and to testify; and failure to obey the court's order may be punished by the court as contempt. . . ." (Emphasis supplied.)

Without laboring the matter, we think the statutory language just quoted admits a measure of discretion in the trial court as

to whether or not such an order should be issued *ex parte*. We find nothing in any other portion of the statutes not quoted or cited which suggests a different interpretation or that there is any single exclusive method whereby a recalcitrant respondent may have his day in court as to whether the commission is acting arbitrarily or in excess of its authority. Our holding is, a district court has discretion as to whether notice and right to be heard shall be given a respondent of the filing of an application by the commission on civil rights for an order directing compliance with a subpoena issued by it.

Appellant asserts the trial court erred in finding that items three and four of the subpoena were too broad in scope, unreasonable, oppressive and representative of an unwarranted fishing expedition. Item three sought all job orders received by the Hutchinson job opportunity center for the six month period prior to Beulah Van Buren's first job application up to January 19, 1972. Item four sought records or computer read-outs for the year January 1971, to January 1972, showing the number of job referrals, number of "disadvantaged" referrals and number of placements, the number of referrals to the jobs classified by six different hourly pay scales and the number of minority referrals in each category.

In *Yellow Freight System, Inc., v Kansas Commission on Civil Rights*, 214 Kan. 120, 519 P. 2d 1092, we were concerned with the scope of KCCR's subpoena power. As adopted there the test of relevancy to be applied for documents subpoenaed is that the inquiry must be one which the civil rights commission is authorized to make, the demand for production must not be too indefinite and the information sought must be reasonably relevant. See also *Atchison, T. & S. F. Rly. Co. v Lopez*, 216 Kan. 108, Syl. ¶ 6, 531 P. 2d 455. In *Yellow Freight System, Inc.* we further held:

"Where there is a possibility of relevancy in documents subpoenaed and there is no showing that the subpoena is unreasonable or oppressive the statutes granting the power to subpoena should be liberally construed to permit inquiry." (Syl. ¶ 4.)

In his answer appellee simply alleged items three and four were "immaterial, irrelevant and incompetent". He did not allege the requests for this information were oppressive or that it was unreasonable for him to comply with them nor was any showing to that effect made by him. At the hearing before the trial court, appellant's counsel asserted that appellee's employees at the Hutchinson office had sometime previously prepared, and had

ready for delivery if ordered by the court, the requested material. This assertion, repeated in appellant's brief, has gone unrefuted by appellee, at the hearing and in his brief. The subpoena on its face stated it was in furtherance of the complaint of Mrs. Van Buren against the labor commissioner. Her complaint was she had received discriminatory job referral treatment. This is a subject within KCCR's statutory authority. That which was necessary in investigating the charge was initially to determine whether the services rendered by appellee to the complainant were the same or similar to those rendered to others similarly situated. Comparisons necessarily are brought into play and it would appear the records sought were relevant for that purpose. The trial court made no specific finding of irrelevancy although it did characterize these items as fishing expeditions. In *Atchison, T. & S. F. Rly. Co. v. Lopez* supra, this court held:

"Administrative subpoenas which have previously been condemned as 'fishing expeditions' are now permitted, and administrative subpoenas may be enforced for investigative purposes unless they are plainly incompetent or irrelevant to any lawful purpose." (Syl. ¶ 7.)

The principal objections and argument raised by appellee against disclosing the information requested in items two and three appear really to be based on the premise the labor department has not in fact discriminated against the complainant, Mrs. Van Buren. That could be the case but that is exactly the issue appellant is trying to investigate and determine further down the road and it is within appellant's statutory duty and competence so to do. Our conclusion is the trial court erred in ruling as it did with respect to items two and three of the subpoena.

Appellant finally urges the trial court erred in concluding it had no authority to modify a subpoena in this type of proceeding either by rewording or by striking particular sections. The court held the subpoena had to stand or fall in its entirety. As already indicated, appellee had no objection, other than procedural, to the request for the information contained in items one and two, although it apparently was never supplied, and the trial court held those items were proper. It did invalidate the requests contained in items three and four and held that item five as worded by appellant was too broad unless modified. The court evinced special concern as to that which was sought in item five and after hearing evidence by appellant to the effect that by the word "testimony" in item five was meant written statements or records already compiled and in the file in

the form of written memoranda, it concluded item five would be proper if worded as follows:

"Any written statements from employees of Hutchinson Job Opportunity Center, Kansas State Employment Service who referred the Complainant to the various business establishments mentioned in the complaint that refer to Beulah Van Buren or others referred to the same jobs."

K. S. A. 1974 Supp. 44-1004 (5) provides that the "commission may issue subpoenas . . . and may issue interrogatories to a respondent to the same extent and subject to the same limitations as would apply if the subpoena or interrogatories were issued or served in aid of a civil action in the district court". In *Yellow Freight System, Inc. v. Kansas Commission on Civil Rights*, supra, this was stated:

"The code of civil procedure provides upon application of one against whom a subpoena is issued the court may quash *or modify* a subpoena if it is unreasonable and oppressive. (K. S. A. 1973 Supp. 60-245 [b].)" (Emphasis supplied.) (p. 125.)

It appears a district court has power to modify a subpoena and thus remove any objectionable features from it while preserving the remainder. See 9 Wright and Miller, Federal Practice and Procedure: Civil § 2457, pp. 437-438. We know of no reason why a district court should not, *a fortiori*, have the same power with respect to a subpoena duces tecum issued by KCCR and we so hold.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

APPROVED BY THE COURT.

FROMME, J., not participating.