EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-
Appellant,

v.

EXCHANGE SECURITY BANK,
Defendant-Appellee.

No. 74-3784.

United States Court of Appeals,
Fifth Circuit.

April 8, 1976.

Milton C. Branch, Regional Atty., Vincent W. Roses, Jr., E.E.O.C., Atlanta Regional Litigation Center, Atlanta, Ga., James Moncus, Jr., E.E.O.C., Birmingham, Ala., Wm. A. Carey, Wm. L. Robinson, Charles L. Thomas, E.E.O.C., Washington, D. C., for plaintiff-appellant.

Henry E. Simpson, Quentin Crommelin, Jr., Birmingham, Ala., for defendant-appellee.

Before BROWN, Chief Judge, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal raises three issues in connection with the attempt by the Equal Employment Opportunity Commission to obtain district court enforcement of a subpoena duces tecum issued in the investigation of a claim of racially discriminatory employee discharge:

*First,* whether the district court could deny enforcement because the claim was too stale to justify action by the court;

*Second,* whether the Commission's regulations deny procedural due process to a person seeking subpoena revocation so as to invalidate the issuance of the subpoena;

*Third,* whether the Commission's procedures involve an unauthorized delegation of authority that renders the subpoena invalid.

The facts are simple. In February 1971, a person discharged from employment by the Exchange Security Bank in Birmingham, Alabama, filed a formal charge of racial discrimination with the EEOC pursuant to Title VII of the 1964 Civil Rights Act. 42 U.S.C.A. § 2000e–9 (Supp. II, 1972). Eighteen months later the charge was delivered to the Bank which resisted the production of requested documents. Four months after that, the Commission issued the subpoena. The Bank immediately petitioned to revoke the subpoena. Revocation was denied by the EEOC Director of Compliance in January 1973, nearly two years after the discharge. Although notification of refusal to comply with the subpoena was given by the Bank within the month, application for a court order to enforce the subpoena was not made until over a year later, in June 1974. The time elapsed between the filing of the charge and application to enforce an *investigative* subpoena was 3 years and 4 months. Three months later the district court dismissed the subpoena on motion of the bank employer.

*Delay*

The district court held that the unexplained delay of some 21 months in the issuance of the subpoena, and the additional delay of a year and a half in seeking court enforcement "does not justify the court's favorably considering the application."

Reversal of the district court's dismissal on this ground is required by our decision in *Chromcraft Corp. v. EEOC,* 465 F.2d 745 (5th Cir. 1972). In *Chromcraft,* the employer had successfully obtained a district court order setting aside the Commission's investigative demand for production of evidence on the ground that the EEOC had not served the company notice of pending charges within a reasonable time. In reversing, this Court read the Congressional mandate of the Administrative Procedure Act, 5 U.S.C.A. § 706, which limits judicial review of agency action, to require a showing of prejudice before agency action can be set aside for its lack of punctuality.

In the instant case, there is nothing in the record to show prejudice from the delay. The dismissal was based on a motion which merely asserted that the EEOC had lost "jurisdiction of the matter and could not, as a matter of law, proceed with any action predicated upon the charge of unlawful employment discrimination." Certainly, if time, without more, barred proceeding on the charge,

the district court would have been correct in denying enforcement of an investigative subpoena. This alleged loss of jurisdiction is supported neither by the law nor by the facts.

Even assuming some prejudice, *Chromcraft* held that something more than time alone would be required to sustain a finding that the Commission's delay was unreasonable. The Court said ". . . there is not any suggestion that . . . [the delay] . . . has resulted from slothfulness, lethargy, inertia or caprice. * * * In the absence of proof of a dilatory attitude on the part of the Commission or its staff," it was error to decide that the failure to give prompt notice was unreasonable.

Although the 1972 amendments to Title VII provides that notice of a charge must now be served within 10 days of filing, the principle established by *Chromcraft* must be applied by this Court in considering the effect of delay uncontrolled by statutory time limitations. Certainly the standard applied in the review of agency action in the delay in giving notice of the charge would seem to apply *a fortiori* to delays in investigation after notice is given.

### Procedural Due Process

█ We agree with the Commission that the issue as to the alleged invalidity of the Commission's procedure for modification and revocation of subpoenas involves the power of delegation rather than constitutional due process. Fault is found with the manner in which an ag-

grieved party may obtain review by the Commission of a petition to revoke or modify a subpoena issued by a District Director or Deputy District Director. But regardless of the shortcomings in the agency review process, problems of constitutional due process are eliminated because the subpoena must be enforced through the courts. There is no reason why any intra-agency appeal should be required under such circumstances. Therefore, deficiencies in the procedure could not arise to constitutional level. The respondent is not legally required to respond to the subpoena until due process rights have been made available through the district court enforcement proceedings. *Fleming v. Mohawk Wrecking & Lumber Co.,* 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375 (1947); *FTC v. Gibson,* 460 F.2d 605 (5th Cir. 1972).

### Delegation of Authority

█ The delegation of authority issue in this case splits in two: *first,* do the Commission's regulations delegate authority to take final action on petitions to revoke or modify subpoenas, and *second,* if so, is such delegation permitted under the Act.

Here is the problem. The statute granting the Commission's authority to issue subpoenas incorporates by reference a portion of the National Labor Relations Act.[1]

By substituting the word "Commission" for the word "Board" in § 161 of the National Labor Relations Act, we have the statutory authority under which the Commission operates.[2] The

---

1. 42 U.S.C.A. § 2000e–9 (Supp. II, 1972):

 For the purpose of all hearings and investigations conducted by the Commission or its duly authorized agents or agencies, section 161 of Title 29 shall apply.

2. 29 U.S.C.A. § 161(1) (1965):

 (1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon

application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion

Commission has authority to delegate the issuance of a subpoena in the first instance. Once a subpoena is issued, however, an aggrieved person may petition the Commission to revoke, and the Commission shall revoke such subpoena if in its opinion the evidence is not relevant or if in its opinion the subpoena does not sufficiently describe the evidence.

Pursuant to this statutory provision, the Commission delegated the authority to issue subpoenas in the first instance to a District Director or Deputy District Director. 29 C.F.R. § 1601.15(a) (1975). The regulation that causes the trouble is the following, which provides the procedure for handling petitions for revocation or modification. Section 1601.15(b) provides in part:

> Within 5 days after receipt thereof [the petition], so far as practicable, the Director of Compliance shall make a determination upon the petition, stating reasons, which shall be reviewed by the Commission and unless the Commission decides otherwise shall become final 3 days thereafter.

29 C.F.R. § 1601.15(b) (1975). Thus, it can be seen that rather than requiring affirmative action by the Commission, passive acquiescence becomes agency action.

With the Commission retaining the power to modify or revoke a subpoena, what delegation there is does not seem to violate the constraints of the statute. No persuasive cases appear to have been decided as to the EEOC. In brief and on oral argument, the Bank relied heavily upon *EEOC v. Raymond Metal Products Co.,* 385 F.Supp. 907 (D.Md.1974) which involved other aspects of the Commission's regulations delegating authority to district directors. The Fourth Circuit has recently reversed the district court, however, depriving the Bank of the support that it sought from that case. *EEOC v. Raymond Metal Products Co.,* 530 F.2d 590 (4th Cir. 1976). Without EEOC authority, the parties properly rely on the teachings of *NLRB v. Duval Jewelry Co.,* 357 U.S. 1, 78 S.Ct. 1024, 2 L.Ed.2d 1097 (1958). We think that *Duval* supports the Commission's position that the regulations result in Commission action. This decision makes it unnecessary to determine whether the Commission could have delegated to the Director of Compliance unreviewable authority to consider petitions for revocation and modification of subpoenas.

In *Duval,* the Supreme Court found it unnecessary to determine whether the Labor Board could properly delegate this duty to act on petitions for revocation to some subordinate official because it found that the Board procedure, established by its regulations, complied with the statute in that the ultimate power of decision on a petition to revoke rested with the Board. Under the Labor Board's regulations, the issuing officer originally passed on a petition to revoke, with leave to the person subpoenaed to appeal to the Board from an adverse ruling. The Board may deny the petition to appeal, in which event the decision of the intermediate officer becomes final, or it may decide to hear the appeal and affirm or reverse the initial determination. Noting that every agency must have the assistance of subordinates, the Supreme Court held that, since the Board has the *ultimate* power to affirm or revoke the subpoena, there was no delegation of the function of passing on applications for revocation.

The same rationale applies here since, under the Commission's regulations, the

---

such subpena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board or any agent or agency designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing.

ultimate decision whether to revoke or modify a subpoena rests with the Commission. The district court was of the view that the Commission's regulation failed to meet the *Duval* standards because it required only passive acquiescence of the Commission in the ruling of the Director of Compliance. The Commission procedure, however, while somewhat different from that of the Labor Board, accomplishes the same purpose and in some respects grants more rights to the complaining party than does the Labor Board procedure. As noted in *Duval,* under the Labor Board regulations, the complaining party must seek leave to appeal from the initial ruling and such leave may be denied without any reason being given therefore. Under the Commission's regulation, the appeal is of right to the Director of Compliance who must set forth in writing his reasons for affirming or denying the application. Thus the basis of action is made clear on the record and is available for review by the Commissioners. The Commission then passes on the ruling of the Director of Compliance. That it does so by acquiescence rather than by affirmatively noting its agreement with the Director of Compliance is not a significant difference. The fact is that the Commission does have before it enough to determine the limited questions as to whether a subpoena is unduly vague or oppressive. That is all that is required under the *Duval* decision.

REVERSED AND REMANDED.