WILSON & CO., INC., a Delaware Corporation, and Frank Harvey, Appellants,

v.

The Honorable Leo OXBERGER, Judge of the 5th Judicial District of Iowa, Appellee.

No. 2-57679.

Supreme Court of Iowa.

April 20, 1977.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., Roxanne Barton Conlin, and Thomas D. McGrane, Asst. Attys. Gen., for appellee.

Amicus Curiae brief filed by Iowa Manufacturers Ass'n represented by Rogers & Phillips, Des Moines.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

LeGRAND, Justice.

This certiorari action was brought to test the authority of the Iowa Civil Rights Commission (Commission) to issue subpoenas duces tecum under § 601A.5, The Code, 1973, as amended by Chapter 1254, § 1, 65th G.A. (S.F. 1265), effective July 1, 1974. We sustain the writ.

The Iowa Civil Rights Commission was created by the Iowa Civil Rights Act of 1965. Chapter 601A, The Code. It consists of seven members appointed by the governor with the advice and consent of the senate. See § 601A.3. It has broad investigatory powers, including the right to "receive, investigate, and pass upon complaints alleging unfair or discriminatory practices." See § 601A.5(2). On July 5, 1972, Alonzo Williams filed a complaint with the Commission alleging he was suspended from his job by Wilson & Company, Inc. for racial reasons and that similarly situated white persons did not receive the same treatment as he. If proven, this would be an unfair

employment practice as defined in § 601A.6, The Code.

The employer is designated in the record both as Wilson & Company and as Wilson-Sinclair Company, Inc. We refer to the company simply as Wilson.

On September 4, 1974, two years and three months after the complaint was filed, the Commission served a subpoena duces tecum on Wilson, which the company refused to honor. The Commission then filed a petition in the district court under § 601A.5 as amended by the 65th G.A. asking that a subpoena issue for "the personnel files of all boxmakers employed by [Wilson] from January 1, 1972, to December 31, 1972, and the personnel files of all persons employed by [Wilson] on the kill floor during that same period." On the same date the defendant judge issued a subpoena duces tecum directing Wilson to produce all the material requested. The subpoena was issued ex parte without notice or hearing.

Wilson then obtained our permission to test the propriety of this subpoena by certiorari. Wilson raises four issues:

1. The district court had no jurisdiction to issue the subpoena because there was no pending action under Rule 48, Rules of Civil Procedure;

2. The subpoena should not have issued without a showing that there had been a prompt investigation of Williams' claim as required by § 601A.9(3), The Code, 1973 (now § 601A.14(3), The Code, 1975);

3. The subpoena should not have issued without a showing of compliance with the statutory condition that notice of the filing of a complaint was given to Wilson as required by § 601A.5 and § 601A.9(3), The Code, 1973, as amended by Chapter 1254, §§ 1, 3, 65th G.A. (S.F. 1265);

4. The issuance of an ex parte subpoena by the district court deprived Wilson of due process under the 14th Amendment to the Federal Constitution and under Article I, § 9 of the Iowa Constitution.

As pointed out in *Illinois Crime Investigating Commission v. Buccieri*, 36 Ill.2d 556, 224 N.E.2d 236, 240 (1967), the law relative to administrative procedures has been developed principally by federal courts because that is where the administrative system received its early impetus. However, in recent years, the states, too, have resorted more and more to administrative agencies, and there is now considerable authority to be found in both state and federal courts.

In considering this problem, we are faced with two separate questions. One involves the circumstances under which such a subpoena may issue, the other the method by which it is to be enforced if compliance is not voluntary.

These questions have been treated as separate and distinct. The right of administrative agencies to *issue* subpoenas has received broad and liberal interpretation. Courts have been chary of interfering except to preserve due process rights. *See United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, 119 (1964); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614, 632–634 (1946); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424, 429 (1943); *Shasta Minerals & Chemical Co. v. Securities & Exchange Commission*, 328 F.2d 285, 286 (10th Cir. 1964); *Illinois Crime Investigating Commission v. Buccieri, supra*, 224 N.E.2d at 240; *In re Iowa State Commerce Commission*, 252 Iowa 1237, 1244–1248, 110 N.W.2d 390, 394–397 (1961); *Nevada Commission on Equal Rights of Citizens v. Smith*, 80 Nev. 469, 396 P.2d 677, 678–679 (1964); *cf. Iron Workers Local No. 67 v. Hart*, 191 N.W.2d 758, 765–766 (Iowa 1971).

A different rule prevails, however, when considering *enforcement*. The authority to enforce is vested in the judiciary as a safeguard for the rights of those who are ordered to obey administrative subpoenas. *Shasta Minerals & Chemical Co. v. Securities & Exchange Commission, supra*, 328 F.2d at 286 (power to punish is not generally available to administrative agencies); *Nevada Commission on Equal Rights of Cit-*

*izens v. Smith, supra,* 396 P.2d at 680 (not willing to give enforcement powers to the Commission).

We consider, first, the issues arising in connection with the manner in which the subpoena was issued, which we consider to be dispositive of the case.

Two statutes are important to our discussion. The first is § 601A.5, as it was at the time in question. It empowered the Commission "to issue subpoenas for books and papers relating to any matters involved in the complaint, *after the respondent has been notified of the complaint as provided for in section six hundred one A point nine (601A.9), subsection three (3) of the Code.* * * * If a party either fails or refuses to obey a subpoena issued by the commission, the commission may petition the district court having jurisdiction for issuance of a subpoena and the court shall in the proper case issue the subpoena. * * * " (Emphasis supplied.)

This provision became effective July 1, 1974, and by its own terms was repealed as of July 1, 1975, when the Iowa Administrative Procedure Act became effective. *See* § 17A.13, The Code, 1975, for subpoena duces tecum powers under the Iowa Administrative Procedure Act.

The second relevant statute is § 601A.9(3), The Code, 1973, as amended, (now § 601A.14(3), The Code, 1975), referred to above, which contains this:

"After the filing of a verified complaint, *a true copy thereof shall be promptly served by registered mail* to the person against whom the complaint is filed. * * * " (Emphasis supplied.)

We discuss Wilson's first three objections together. They involve the proper application of statutory language.

Wilson says there is no "case" before the district court as defined in the statute and the court therefore had no jurisdiction. This argument is based on the language in § 601A.5 which limits the court's power to issue a subpoena to a "proper case." There is no merit to this argument, which is based

on the provisions of Rule 48, Rules of Civil Procedure, providing (at the time in question) that a civil action is started by serving defendant with an original notice.

■ It has been held that a petition for judicial enforcement of the subpoena power granted to an administrative agency by statute constitutes a case or controversy sufficient to authorize a subpoena to issue. *ICC v. Brimson,* 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047, 1060–1061 (1894); 1 Davis, *Administrative Law,* § 3.12, at 216 (1st ed. 1958).

■ We think this is the correct rule and that the petition filed by the Commission satisfies the "proper case" requirement of the statute.

■ Wilson next claims a subpoena should not have issued because the petition asking the aid of the district court did not allege compliance with § 601A.9(3) directing that "a true copy [of the verified complaint] shall be promptly served by registered mail to the person against whom the complaint is filed."

Wilson argues the Commission (and consequently the district court) has no subpoena powers unless notice was given under the quoted statute. This section directs not only that notice be given but that it be given promptly.

We need not, and cannot, say what would be "prompt" notice. While a delay of more than two years may appear on its face to lack the promptness required by our statute, there may be circumstances which would demonstrate otherwise. *See Kansas Commission on Civil Rights v. Sedgwick County Mental Health Clinic,* 220 Kan. 653, 556 P.2d 180, 183 (1976) (dissenting opinion).

However, we are not faced with deciding that question because under this record *no* notice was served on Wilson. The statute authorizes the Commission to seek the district court's aid *only* after its own subpoena has been ignored or disobeyed; but its own subpoena can be issued *only* after notice of the filing of the claim has been given. This

is not an insignificant procedural matter. An employer, like any other person against whom a claim is asserted, is entitled to know it is exposed to a risk. It is entitled to have an opportunity to investigate the facts itself. It should know what records and papers may become important so that they can be preserved and that certain employees are potential witnesses to facts which may later determine its liability. *See Kansas Commission on Civil Rights v. Sedgwick County Mental Health Clinic, supra,* 556 P.2d at 182; *cf. EEOC v. Hickey-Mitchell Co.,* 507 F.2d 944, 948 (8th Cir. 1974).

From the record before us it appears Wilson's first knowledge of the claim was when the Commission subpoena, served more than two years after the complaint, was filed.

While the Commission's power is to be liberally construed, we do not believe the legislature intended the Commission to ignore the basic due process rule regarding notice. The Commission was obliged only to notify Wilson by registered mail that a complaint had been filed. This is a seemingly simple and fair requirement. Nevertheless it was disregarded for more than two years, and then the Commission attempted to do *without* notice what the statute permits only *after* notice.

The Commission argues the requirement to notify Wilson under § 601A.5 applies only to *Commission* subpoenas, not to those of the district court. While this is true, it does not help the Commission. The same statute permits the court to intervene only after the Commission subpoena has been ignored. The Commission may not seek judicial help to enforce an invalid subpoena.

We decline to approve a subpoena issued under such circumstances. We hold the one here is invalid and unenforceable.

In view of the foregoing it is unnecessary to consider the remaining question raised by Wilson concerning its right to an evidentiary hearing before the subpoena issued, although we recognize the importance of providing an adequate method by which one may resist an administrative subpoena.

Questions concerning unreasonable search and seizure, self-incrimination, undue breadth of the subpoena, improper inclusion of irrelevant information, administrative authority to make the investigation, and proper issuance of the particular subpoena may always be raised and, if raised, must be resolved. *See* 1 Davis, *Administrative Law,* § 3.12, at 216 (1st ed. 1958).

We believe the statement made by Justice Jackson in his concurring opinion in *Fleming v. Mohawk Wrecking & Lumber Co.,* 331 U.S. 111, 124, 67 S.Ct. 1129, 1136, 91 L.Ed. 1375, 1386 (1947) is applicable here:

"The important thing for protection of the individual is that when he does have reasons for resisting obedience [to an administrative subpoena] he can obtain a hearing."

The manner of enforcing administrative subpoenas duces tecum is now controlled by the Iowa Administrative Procedure Act, which became effective July 1, 1975. *See* § 17A.13, The Code, 1975. It provides that Rule 155, R.C.P., should apply to administrative subpoenas as well as to those in civil actions. Sometime, no doubt, we will be asked to rule on the validity of that statute, but we need not do so now.

For the reasons stated, the writ is sustained and the subpoena issued by defendant judge is quashed.

WRIT SUSTAINED.