STATE of Iowa ex rel. William D. HAGER, Commissioner of Insurance of the State of Iowa, Appellee,

v.

CARRIERS INSURANCE COMPANY, Defendant.

William D. HAGER, As Liquidator of Carriers Insurance Company, Appellee,

v.

John RUAN, John Ruan III, Larry L. Miller and Herman C. Kilpper, Appellants,

v.

STATE of Iowa, Defendant.

No. 88–986.

Supreme Court of Iowa.

May 17, 1989.

---

Mark McCormick, Roger T. Stetson, and Donald G. Henry of Belin, Harris, Helmick, Tesdell, Lamson & McCormick, Des Moines, for appellants.

Eugene Davis and Richard E. Haesemeyer (of counsel) of Davis, Grace, Horvath, Gonnerman & Rouwenhorst, P.C., Des Moines, and Leon R. Shearer and John D. Hintze of Shearer, Hintze & Templer, West Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

This is an interlocutory appeal from an order denying a motion to quash an administrative subpoena issued by the liquidator of an insolvent insurance company under the authority of Iowa Code section 507C.21(1)(e) (1987). We reverse and remand for an order quashing the subpoena.

When an insurance company becomes insolvent, Iowa law provides that the commissioner of insurance shall act as liquidator to take possession of the assets and administer them for the benefit of the creditors subject to the supervision of the district court. *See* Iowa Code §§ 507C.16–.18 (1987). That happened here; Carriers Insurance Company became insolvent and William D. Hager, Commissioner of Insurance, was appointed by the district court as liquidator for Carriers.

The liquidation statute authorizes and directs the liquidator to collect the assets of the insolvent company, and the liquidator is authorized to bring suit if necessary to do so. That authorization extends to suits against officers of the insurance company as well as other parties. *See* Iowa Code §§ 507C.21(1)(*l*), (m) (1987).[1] Pursuant to that authority, and on behalf of the insolvent insurance company, Hager sued these defendants, John Ruan, John Ruan III, Larry L. Miller, and Herman C. Kilpper, former officers of Carriers. Hager alleged that these officers mismanaged the company and caused it financial loss. We will refer to these defendants collectively as Ruan.

Hager was thus involved in two simultaneous proceedings concerning Carriers, the first to force the liquidation of the compa-

---

1. These statutes provide, respectively, that the liquidator has the following powers:
   > [To c]ontinue to prosecute and to institute in the name of the insurer or in the liquidator's own name any and all suits and other legal proceedings, in this state or elsewhere, and to abandon the prosecution of claims the liquidator deems unprofitable to pursue further. If the insurer is dissolved under section

507C.20, the liquidator may apply to any court in this state or elsewhere for leave to substitute the liquidator for the insurer as plaintiff.
And he also has the authority to
   > [p]rosecute an action on behalf of the creditors, members, policyholders or shareholders of the insurer against an officer 'of the insurer, or any other person.

ny by an action in equity under sections 507C.16–.18 and the second to recover damages from Ruan and the other officers under section 507C.21(1)(*l*) and (m). Under the statutes, Hager therefore wears two hats—one as liquidator, or a sort of trustee for the insolvent company, and the other as a litigator in an action for damages.

The insurance commissioner's subpoena power is found in Iowa Code section 507C.21(1)(e) which authorizes him, in part, to

> [h]old hearings, subpoena witnesses, and compel their attendance, administer oaths, examine a person under oath, and compel a person to subscribe to the person's testimony after it has been correctly reduced to writing, and in connection to the proceedings require the production of books, papers, records, or other documents which the liquidator deems relevant to the inquiry.

Acting under this statute, Hager subpoenaed Eugene Joerger, an accountant for Carriers, and ordered him to bring all papers relating to audits of Carriers. Ruan was not invited to attend. When he learned of the subpoena and the proposed examination of the accountant, Ruan filed a motion to quash the subpoena and a motion for a protective order under Iowa Rule of Civil Procedure 123. The district court denied both motions.

Ruan apparently agrees that the investigative subpoena under section 507C.21(1)(e) might be implemented without notice and opportunity to attend if the subpoena is used only in the liquidation proceedings. However, once the liquidator assumes the role of litigator and brings a suit against known parties, Ruan asserts that the notice requirements of our rules of civil procedure must apply.

Hager concedes that one of the purposes of the subpoena in this case was to obtain evidence for use in his suit against Ruan, but he argues that this makes no difference because under section 507C.21(1)(e) a subpoena without notice may be used in "proceedings." This, he claims, includes suits as a litigator under sections 507C.21(1)(*l*) and (m) as well as proceed-

ings for liquidation under Iowa Code section 507C.16–.18. Ruan responds that this section envisions "hearings" because it uses the words "hearings," "witnesses," and "testimony," which suggest more than a private interview of the party subpoenaed. At any rate, when the subpoena is used in a separate suit for damages, the statute cannot be interpreted in such a way as to allow discovery without notice, according to his argument.

Ruan argues that section 507C.21(1)(e), the subpoena statute, does not provide or even suggest that a liquidator is authorized to compel ex parte testimony in this case. Inquisitions and star chamber proceedings are antithetical to our system of law, he argues, but uncontrolled ex parte examination of witnesses nevertheless remains a real possibility under the trial court's ruling.

■ We reject the idea that administrative subpoenas used in litigation are beyond the power of the court to limit or control. In *Wilson & Co. v. Oxberger*, 252 N.W.2d 687 (Iowa 1977), the issue was whether the Iowa Civil Rights Commission had authority to issue a subpoenas *duces tecum* under Iowa Code section 601A.5. The Civil Rights Commission had issued a subpoena to Wilson & Co. which it refused to honor. The commission then filed a petition in district court asking for a subpoena, which was granted ex parte without notice or hearing. Wilson challenged the order by a petition for certiorari, and this court quashed the subpoena order. While Wilson's claim of right to a hearing before issuance of the subpoena was not expressly addressed, we said this regarding judicial oversight of administrative subpoenas:

> [U]ndue breadth of the subpoena, improper inclusion of irrelevant information, administrative authority to make the investigation, and proper issuance of the particular subpoena may always be raised and, if raised, must be resolved.

*Wilson & Co.*, 252 N.W.2d at 690.

■ Iowa Rule of Civil Procedure 140 requires notice to opposing parties prior to taking depositions. Use of a liquidator's subpoena under section 507C.21(1)(e) in a

suit to which he is a party, should be consistent with that rule. Accordingly, we hold that when a liquidator seeks evidence to use against a party in a pending suit in which the liquidator is a litigant, reasonable notice of the subpoena application must be given in writing to every other party to the action stating the time and place of the examination and the name and address of each person to be examined. *See* Iowa R.Civ.P. 140(b)(1) (notice for oral deposition). This interpretation of section 507C.21(1)(e), we believe, makes its use consistent with our general discovery rules and also advances the basic notion of fairness which underlies our rules aimed at elimination of "trials by ambush."

Hager argues that such procedural requirements would gut the investigative subpoena. We disagree. It does not limit the liquidator's authority in any respect; it only imposes reasonable procedural prerequisites for its use in certain cases.

We reverse and remand for entry of an order quashing the subpoena.

REVERSED AND REMANDED.