People of State of Illinois ex rel. Peter K. Loftus, Appellee, v. Frank C. Keller et al., Appellants.

Gen. No. 44,067.

Opinion filed November 3, 1947. Rehearing denied November 18, 1947. Released for publication November 18, 1947.

McCARTHY, TOOMEY & REYNOLDS and RICHARD J. FITZGERALD, all of Chicago, for appellants; FRANK A. McCARTHY, JOHN E. TOOMEY and JOSEPH M. McCARTHY, all of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for appellee; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed his petition for mandamus in the circuit court against the defendants, as members of the board of trustees of the police pension fund of Calumet city, and against the treasurer and city clerk of said city. Upon a hearing without a jury, the court awarded the writ of mandamus, from which the defendants appeal.

Relator was appointed a member of the police department of Calumet city on July 1, 1935, and remained on active-duty until December 15, 1943. On November 29, 1943, the chairman of the board of fire and police commissioners of said city gave relator a letter reciting that the board had at a meeting November 27, 1943, decided to grant relator's request for a

leave of absence for not more than 18 months from the date of the meeting. May 26, 1945, relator was given another letter by the chairman of said board, stating that leave of absence would be continued for an additional 60 days, because not enough funds were appropriated for the police department. July 26, 1945, said board of fire and police commissioners passed a resolution reciting the granting previously of the leave of absence to relator, expiring July 26, and reciting that relator had been employed in essential war industry and because of the war manpower shortage he performed a patriotic duty, and that another leave of absence be granted during the war emergency; that the granting of such additional leave of absence would not be detrimental to the interests of the police department; that, therefore, it be granted and the leave extended 60 days, commencing July 27, 1945. On August 13, 1945, the said board met, ratified and adopted the resolution.

On August 24, 1945, and prior to the expiration of the last leave of absence, the board sent a letter to the captain of police, directing him to reinstate relator as of September 1, 1945, on which date relator resumed his active duties.

On February 18, 1946, plaintiff served a written notice and demand on the trustees of the pension fund of said city that he be recognized as a policeman on active duty and placed on the pension rolls, and that they deduct the 3 per cent of his salary for the benefit of said pension fund as provided by law. The trustees on March 7, 1946, in their letter to relator, acknowledged his demand and notified him that a hearing concerning his demand was set for March 21, 1946, when he would be given an opportunity to present any evidence he desired in support of his demand.

The correspondence that followed between the defendants and relator's attorney revealed the position

of the relator in substance to be, that the trustees had no right or jurisdiction under the law to proceed with any such contemplated hearing, and that the relator would refuse to appear or participate in such a hearing. On the other hand, the trustees insisted upon their position that, under the statute, it was their duty to conduct such hearing and determine, in the proper administration of the pension fund, whether the relator had retired or had been on a leave of absence, and whether his reinstatement was a new appointment, which would, on account of age limit, involve the question of his eligibility under the provisions of the Pension Fund Act.

Before the board had a chance to conclude its hearing and make any decision, this petition for mandamus was filed.

The controlling question here presented is whether the board of trustees of the pension fund had the power and authority to inquire into the eligibility of relator to be on the pension rolls of said board, and either deny or grant the relator the demand made upon the trustees to restore him to the pension rolls. Defendant trustees, constituting the board, derive their powers from ch. 24, pars. 892–904b, inclusive, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 100.257 *et seq.*]. Their power and authority is fully prescribed by said act and not made dependent upon the act creating the board of fire and police commissioners, Ill. Rev. Stat. 1945, ch. 24, par. 14—1 [Jones Ill. Stats. Ann. 21.1367], the latter act being adopted by the City of Calumet in April 1937.

Relator became subject to the provisions of the Police Pension Fund Act shortly after his appointment to the police department on July 1, 1935.

The pertinent provisions relating to the controlling question here involved may be found in the Police Pension Fund Act, ch. 24, par. 892, subpar. 10 [Jones Ill. Stats. Ann. 100.257], which reads:

". . . 'Policeman' as used in this Act, means any person appointed and sworn or designated by law as a policeman of such city, . . . but no person appointed after the effective date of this amendatory Act in the police department shall be considered a policeman unless at the time of his appointment he is between the ages of 21 and 35 years and passes a medical examination to determine his general physical condition given by a physician selected by the board of trustees and also makes application to the board of trustees to come under the provisions of this Act."

Section 893 of said act provides:

"A board, composed of five members, residents of such city, village or town, to be chosen as hereinafter provided, shall be and constitute a board of trustees to provide for the disbursement of said fund *and designate the beneficiaries thereof as herein directed,* which board shall be known as the board of trustees of the police pension fund of such city, village or town. . . ." (Italics ours.)

Section 898 provides:

"Any policeman suspending the performance of his duty on account of disability may be summoned to appear before the board, herein provided for, at any time thereafter, and shall submit himself thereto for examination as to his fitness for duty, and shall abide by the decision and order of such board with reference thereto, and all members of the police force who may be retired under the provisions of this act . . . shall report to the chief of police or the chief officer of the police department of the city, village or town where so retired. . . ."

Section 901 provides for meetings to be held by the board and further provides:

". . . Said board shall keep a record of all its proceedings, which records shall be a public record. . . ."

Section 902 provides in the third paragraph:

"To compel witnesses to attend and testify before it, *upon all matters connected with the operation of this Act,* in the same manner as is or may be provided by law for the taking of testimony before masters in chancery, . . . ." (Italic ours.)

There are other provisions in the act governing the administration of the pension fund, unnecessary to notice here. The act is a comprehensive act intended to define, as already noted, the duties, power and authority of said trustees in connection with said fund.

We think it clear from the provisions of the pension act that defendant trustees have the power and authority to determine whether the relator is eligible to be on the pension rolls and be designated as a beneficiary (Sec. 893), and have the power, to compel witnesses to attend and testify before it upon "all matters" connected with the operation of the pension act. Its duty is to protect the pension fund against payments to those not entitled to it. It is a sacred fund, which must be preserved for the benefit of all eligible members on its rolls. Firemen are similarly situated with respect to the pension fund as are policemen.

In *People ex rel. Malone v. Mueller,* 328 Ill. App. 593 at p. 608, the court said:

"It is our opinion that while appointment to the fire department is a necessary requirement, or qualification, for a fireman to be eligible to membership in the pension fund, the Firemen's Pension Fund Act is a distinct, complete and separate Act governing the fund, and prescribing the requirements entitling a fireman to the benefits of the fund. Those requirements are independent of the regulations governing the appointment of firemen by the Board of Fire and Police

Commissioners of the City of Peoria. (*Stiles v. Board of Trustees of Police Pension Fund,* 281 Ill. 636.)''

The defendants, as trustees constituting the board, were anxious to give the relator a hearing and offered him every opportunity to be heard. It was not a case of their refusal to act.

In *People v. Allman,* 382 Ill. 156, it is said:

''It is true that an action in *mandamus* may, under certain circumstances, provide a remedy against a clear abuse of discretion. However, its application is restricted to directing that action be taken and it is never available to direct what action shall be taken.''

Had the relator submitted to a hearing and had the board taken final action adverse to him, clearly he would have had the remedy of a review by *certiorari. People v. Allman.* Mandamus does not lie to control or review the discretion of an inferior tribunal, and courts will not substitute their judgment or discretion for that of the administrative body. *People v. Allman.* The hearing had before the court to determine the eligibility of relator to be on the pension rolls is not the hearing contemplated by the statute and entrusted to the defendants as trustees of the pension fund. The courts cannot invade the province of the pension board upon any theory that the courts can give the parties as complete a hearing concerning the subject matter as could, or would, the pension board. *People v. Allman.*

The relator is entitled to a hearing before the pension board, and the pension board should give him the hearing. It was ready to grant it to him, had it not been interfered with, first, by his refusal to appear and, secondly, by the bringing of this action.

The judgment of the circuit court is reversed and the cause is remanded with directions to dismiss the petition at relator's cost.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and O'CONNOR, J., concur.