QUESTION: May the governing body of a municipality grant subpoena powers to a community relations board established by ordinance under its home rule powers?
SUMMARY: The governing body of the City of Clearwater may grant subpoena powers to a community relations board established by municipal ordinance. Since the investigation of alleged civil rights violations by such board may result in a prosecution under the city's fair housing ordinance, or similar local or federal legislation, the alleged violators should not be compelled to testify against themselves in proceedings before the board. Subpoenas issued by the board are enforceable only through proper judicial proceedings. The Municipal Home Rule Powers Act, Ch. 166, F.S., grants broad home rule powers to municipalities to enact legislation concerning any subject, with certain specified exceptions, upon which the Florida Legislature may act. Section166.021. One of the matters upon which a municipality may not legislate is any subject "expressly preempted to state or county government by the constitution or general law." Section166.021(3)(c). You inquire as to whether "the granting of subpoena powers has been preempted by the Legislature because of the frequent interspersal of subpoena powers granted under general acts." More specifically, you inquire as to whether the governing body of the City of Clearwater may grant subpoena power to that city's community relations board, which was apparently created by municipal ordinance to hear and investigate complaints of alleged civil rights violations within the city and to recommend a consideration of prosecution in appropriate instances by the city prosecutor pursuant to the city's fair housing ordinance. Initially, it should be noted that it is a well-settled rule that, without violating constitutional provisions bearing upon separation and delegation of powers or due process, an administrative agency may be given and may exercise the power to require the attendance of witnesses in proceedings of a purely investigatory nature. Annotation, 27 A.L.R.2d 1208-19. Of course, the questions to the subpoenaed witness must be pertinent and relevant to the purposes for which the agency is authorized to conduct hearings. See Nevada Commission on Equal Rights of Citizens v. Smith, 396 P.2d 677, 679 (Nev. 1964), in which the authority of a state civil rights commission to issue subpoenas was upheld; see, generally, Barrow v. Holland, 125 So.2d 749 (Fla. 1961). As to the privilege against self-incrimination, about which you specifically inquire, it is clear that such privilege, guaranteed by Art. I, s. 9, State Const., and the Fifth Amendment to the United States Constitution, applies not only to the traditional criminal case, but also to any administrative proceedings which are "penal" in nature. See State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla. 1973), in which the court determined that realtors charged with violations of the Real Estate Licensing Law may be allowed, but not compelled, to testify against themselves in license revocation proceedings of the Real Estate Commission. See also Kozerowitz v. Florida, 289 So.2d 391 (Fla. 1974), opinion conformed to,291 So.2d 673 (2 D.C.A. Fla., 1974). Similarly, in the instant situation, since the investigation of alleged civil rights violations by the community relations board may result in a prosecution under the City of Clearwater's fair housing ordinance (or, conceivably, under applicable federal legislation), the alleged violators should not be compelled to testify against themselves in proceedings before the board. Moreover, with respect to the proper enforcement of subpoenas issued by the community relations board, the power of administrative agencies to issue subpoenas and the power to enforce them through citation for contempt are normally treated as separate and functionally unrelated problems. The power of citation for contempt is ordinarily lodged in a court of competent jurisdiction where judicial safeguards will attend the hearing. See Nevada Commission on Equal Rights of Citizens v. Smith, supra; State ex rel. Greenberg v. The Florida State Board of Dentistry, 297 So.2d 628
(1 D.C.A. Fla., 1974), in which it was stated at p. 632 that, despite the statutory authority of the Florida State Board of Dentistry to issue subpoenas, a citizen may not be held in contempt, and thereupon punished, upon failing or refusing to obey any subpoena, process or order of respondent or any other administrative agency until after he or she shall have first been afforded an opportunity for a hearing before a court of competent jurisdiction and until after that court shall have ordered obedience to such subpoena, process or order of such administrative agency, and such court order shall have been disobeyed. In this regard, the United States Supreme Court has declared it permissible for a court to enforce an administrative subpoena issued for investigatory purposes, provided the purpose is lawfully authorized and within the legislative power to command. Oklahoma Press Publishing Company v. Walling,327 U.S. 186 (1946). Thus, in the instant situation, it would appear that an administrative agency charged with the investigation of civil rights violations may be granted the power of subpoena. Moreover, with respect to the authority of municipalities, it was stated in AGO 072- 216 that a municipal ordinance designed to guarantee and protect the equality of the civil rights of the municipal citizenry is for a municipal purpose, and that the subject of such legislation is not preempted to the state or federal government unless there is a conflict between such ordinance and state or federal law. In this regard, s. 13.251(4), F.S., empowers the Florida Commission on Human Relations to "promote the creation of local commissions on human relations." See also s. 166.021(1), F.S., which provides that municipalities "may exercise any power for municipal purposes except when expressly prohibited by law"; City of Miami Beach v. Forte Towers, Inc., Case No. 44,936 (Sup.Ct. Opinion filed October 9, 1974), in which s. 166.021(1) was held constitutional; and AGO 073- 267. Therefore, and in answer to your specific inquiry, I am of the opinion that, within the context of s. 166.021(3)(c), F.S., the subject of granting subpoena power to the municipally created investigatory community relations board to which you refer has not been preempted to the state by general law and that the legislative and governing body of the City of Clearwater may grant such power to the board. The enforcement of subpoenas issued by the board, however, must be through proper judicial proceedings; and alleged violators of the city's fair housing ordinance (or similar local or federal legislation) cannot be compelled to testify against themselves in proceedings before the board.