THE DEPARTMENT OF PUBLIC AID, Petitioner-Appellee, *v.*
HOWARD L. KESSLER, Respondent-Appellant.

First District (4th Division)    No. 78-758

Opinion filed June 7, 1979.

Harold Shapiro, of David L. Blumenfeld, Ltd., of Chicago (Doris S. Houser, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The respondent, Howard L. Kessler, is a dentist who provided Medicaid services during a period of time prior to the commencement of this action. Subsequent to the time that he withdrew from the program, the Illinois Department of Public Aid (IDPA) served a subpoena on him pursuant to section 12—4.9 of the Public Aid Code. (Ill. Rev. Stat. 1977, ch. 23, par. 12—4.9.) The subpoena requested production of books and records relevant to the respondent's provision of Medicaid services. The respondent did not comply with the subpoena and the IDPA filed an action in the circuit court to enforce it. The circuit court denied the respondent's motion to dismiss and ordered that respondent respond to the subpoena. The respondent appeals from that order, enforcement of which was stayed pending this appeal.

The respondent contends that (1) the IDPA does not have the power to enforce subpoenas issued pursuant to section 12—4.9 of the Public Aid Code in the circuit court; (2) that even if the IDPA has the authority to enforce its subpoenas in the circuit court, this subpoena must nevertheless fail because, at the time it was served, the IDPA lacked the statutory authority to proceed against Medicaid providers; and (3) that the IDPA's need for information about the respondent has been mooted by present circumstances, including the respondent's voluntary withdrawal from the program.

In support of its argument that the IDPA does not have power to enforce its subpoenas in the circuit court, the respondent cites the cases of *Wilmot v. Doyle* (9th Cir. 1968), 403 F.2d 811, *Nevada Com. on Equal Rights of Citizens v. Smith* (1964), 80 Nev. 469, 396 P.2d 677, and *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223. We do not believe that those cases support the proposition.

In *Wilmot* the plaintiffs, who were the subject of unfair labor practice charges, brought an action to enforce a subpoena in district court in the name of the National Labor Relations Board (NLRB) trial examiner hearing the charges. The court of appeals said that the statute in question only authorized the NLRB or its general counsel to institute such suits, not a trial examiner or private litigants. This conclusion does not support the respondent's argument that the IDPA does not have the authority to seek judicial enforcement of its subpoenas under the public aid statute.

In the *Nevada* case the court stated:

"Normally the power of an administrative agency to issue subpoenas and the power to enforce them through citation for

contempt, are treated as separate and functionally unrelated problems. We think it appropriate that they are so treated." (80 Nev. 469, 475, 396 P.2d 677, 680.)

This statement prefaced the court's conclusion that the agency itself did not have the power to enforce its subpoenas; rather, resort to the courts was necessary for enforcement proceedings. The procedures for judicial enforcement set forth in the *Nevada* case parallel those taken by the IDPA in this case to enforce their subpoena.

In *Bio-Medical,* the Illinois Supreme Court held the IDPA had no statutory grant of power to terminate providers from the Medicaid program where they were suspected of committing fraud or abuse. This conclusion rested on the "total absence of standards, criteria or procedures" in the statute for terminating providers. (68 Ill. 2d 540, 553, 370 N.E.2d 223, 229.) The respondent contends that because section 12—4.9 of the Code similarly lacks standards, criteria or procedures, that the IDPA lacks the specific statutory grant of power which is necessary if it is to be able to enforce its subpoenas in court.

■■ The court in *Bio-Medical* noted that "inasmuch as an administrative agency is a creature of statute, any power or authority claimed by it must find its source within the provisions of the statute by which it is created." (68 Ill. 2d 540, 551, 370 N.E.2d 223, 228.) Section 12—4.9 of the Code specifically grants the IDPA the power to "[c]onduct hearings and investigations * * * [and] compel by subpoena, * * * the production of books and papers; * * *." (Ill. Rev. Stat. 1977, ch. 23, par. 12—4.9.) We do not believe the absence of a statutory provision containing "standards, criteria or procedures" for such enforcement is significant inasmuch as the circuit courts, rather than the agency itself, are the entities with the authority to do the enforcing. We thus conclude the absence of standards and procedures in section 12—4.9 does not bar IDPA's attempt to enforce its subpoena in the courts.

The respondent next contends that the effect of *Bio-Medical* was to leave the IDPA without the authority to proceed against Medicaid providers generally, and that the agency therefore had no authority to proceed against the respondent. The respondent also submits that the IDPA's need for information about him has been mooted by his voluntary withdrawal from the program.

■■ ■ Judicial review of the issuance of administrative subpoenas is limited to a consideration of (1) the constitutionality of the statute; (2) whether the contemplated agency proceedings are included within the statutory authority; (3) the reasonableness of the demand; and (4) the relevance of the information sought. (*Wiseman v. Elward* (1972), 5 Ill. App. 3d 249, 283 N.E.2d 282.) The respondent's argument concerns the second of these categories, namely, whether the IDPA has the statutory

authority to subpoena the respondent's records pursuant to an investigation. Case law has also established that "[c]ourts cannot consider whether the agency has probable cause for its proposed action, defenses on the merits of the administrative proceeding, or procedural irregularities." *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 562, 224 N.E.2d 236, 240.

■■ We cannot accept the respondent's arguments concerning lack of authority and mootness. The *Bio-Medical* case concerned only the right of the IDPA to terminate providers. The instant cause does not involve termination of the respondent, as is clearly evidenced by his earlier, voluntary withdrawal from the program. Possible recoupment of monies improperly paid to the respondent, the subject of this investigation, is distinct from the authority to terminate. Similarly, the respondent's voluntary withdrawal from the program cannot moot the IDPA's need for information about him in light of a possible action for restitution.

The respondent's final argument is that the trial court erred in not granting his request for an evidentiary hearing on the issue of the relevancy of the subpoena. This argument goes to the last of the subjects appropriate for judicial review: the relevance of the information sought. *Wiseman.*

■■ The face of the petition makes clear that the IDPA is conducting an investigation of certain medical providers pursuant to sections 12—4.2 and 12—4.9 of the Public Aid Code, and that the respondent is a material witness to that investigation. The trial judge, on the basis of the hearing below, concluded that the IDPA had shown that the inquiry was relevant to the question of recoupment of monies paid to the respondent. We thus cannot say that the trial court improperly exercised its discretion in not holding an evidentiary hearing on this issue.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LINN and ROMITI, JJ., concur.