ROBERT SWIATEK, Plaintiff-Appellee, v. BENSENVILLE POLICE PEN-
SION BOARD *et al.*, Defendants-Appellants.

Second District   No. 2—90—0057

Opinion filed November 9, 1990.

Doss, Puchalski & Keenan, Ltd., of Chicago (Richard J. Puchalski, of
counsel), for appellants.

George M. Monaco, of Inverness, for appellee.

Robert J. Reimer, of Illinois Police Pension Fund Association, of Chi-
cago, for *amicus curiae* Illinois Police Pension Fund.

JUSTICE GEIGER delivered the opinion of the court:
The defendant, Bensenville Police Pension Board (the Board), ap-
peals from the circuit court's reversal of the Board's denials of dis-
ability pension benefits and the court's award of benefits, to the plain-
tiff, Robert Swiatek. We affirm.

The plaintiff began employment with the Bensenville police department (the department) in June 1972. On December 10, 1987, he applied for a disability pension under section 3—115 of the Illinois Pension Code (the Code) (Ill. Rev. Stat. 1987, ch. 108½, par. 3—115). Thereafter, the plaintiff requested sick leave; as late as March 21, 1988, the police chief denied that request.

On June 3, 1988, after he had submitted to medical examination at the Board's instruction but before he had been assigned a hearing date by the Board, the plaintiff submitted a letter of conditional resignation to the Bensenville Board of Fire and Police Commissioners. The plaintiff's resignation letter provided that he resigned subject to the following conditions: (1) that he be permitted to pursue his pending disability pension application; (2) that pending, internal charges against him be withdrawn without prejudice; (3) that he waived all rights to employment with the department either if he were denied a disability pension or if he were granted a disability pension and subsequently found fit to return to service; and (4) that within 90 days of his 50th birthday, if he were still receiving disability pension benefits, he agreed to apply for a retirement pension. On June 27, 1988, the Board heard the plaintiff's disability pension petition. It denied benefits, finding, basically, that the plaintiff was ineligible because of his voluntary resignation from the department. On administrative review, the circuit court reversed and remanded for the Board to determine; whether the plaintiff was entitled to a duty-related pension or a not-related-to-duty (nonduty) pension. On remand, the Board again denied benefits. On the second administrative review, the circuit court affirmed the Board's denial of a duty-related pension but found that the Board's decision on a nonduty pension was contrary to the manifest weight of the evidence. It awarded the plaintiff nonduty disability as of December 10, 1987. The Board brought this appeal.

On appeal, the Board argues primarily that the plaintiff's voluntary resignation renders him ineligible to obtain a disability pension and that the Board's decision denying a pension was neither against the manifest weight of the evidence nor legally erroneous. The Board and *amicus curiae* Illinois Police Pension Fund Association argue, basically, that to receive police disability pension benefits, one must be a "police officer" not only when he applies, but also when he receives benefits. According to their argument, the plaintiff's voluntary resignation, through submission of the resignation letter, severed both his employment relationship to the department and his pension entitlement. We need address neither this argument nor the argument that the plaintiff's application for nonduty benefits occurred after his res-

ignation, because we find, as the plaintiff argues in part, that his resignation was conditioned on events which have not occurred.

According to the plaintiff, his resignation was conditional at least either until he was denied a disability pension or until his disability was determined to have ceased. In its brief, the Board argues without authority that this argument lacks merit for two reasons: (1) because the Code does not provide that an officer can condition his resignation upon the adjudication of a disability pension; and (2) because the plaintiff's resignation agreement was not entered into with the Board and the Board did not agree to the resignation letter's conditions. In oral argument, the Board's only argument on this point was that the issue had not been argued in earlier proceedings.

The Board has agreed that the plaintiff thought that he was resigning in a way that would not disrupt his pension rights. The Board also has agreed that, if the plaintiff's resignation is not effective because conditions precedent have not occurred, the plaintiff remains a police officer. The Board presents no reason why, in that case, the demonstrably disabled plaintiff is ineligible for a disability pension.

■ Rules covering fire and police pensions are to be liberally construed to favor pension beneficiaries. (*Donnells v. Woodridge Police Pension Board* (1987), 159 Ill. App. 3d 735, 741.) Our careful review of the Code reveals nothing therein to conflict with the possibility that an officer may conditionally resign his employment but retain his pension entitlement at least until the satisfaction of all conditions precedent to the effective resignation.

■ Furthermore, we do not find determinative that the Board did not agree to the conditions of the plaintiff's resignation. The Board's role is not to control the question of whether an officer remains on the service roles; rather, its relevant role is merely to review whether an applicant's employment status and other circumstances entitle him to pension benefits. Compare Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—4 *et seq.*, with Ill. Rev. Stat. 1989, ch. 108½, par. 3—131 *et seq.*

■ We conclude that, during the plaintiff's ongoing employment with the department, he had brought the proper application for disability pension benefits and that his application was based upon a clearly demonstrated disability. We also conclude that the plaintiff made clear efforts to preserve his pension. His letter of resignation stated clear conditions precedent, and not all of those conditions have been satisfied; neither has the plaintiff been finally, judicially determined unqualified to receive a pension, nor has he once been awarded a pension and later determined to be fit to return to service. We find

that the Code is properly construed to favor the availability of a disability pension in this case and that the court properly reversed the Board's unsupported pension denials. See *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 496-98.

Based on the foregoing, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

INGLIS and McLAREN, JJ., concur.