JANA WYCKOFF-DIKE, Legal Guardian and Next Friend of Tristan J.B. Wyckoff, a Minor, Plaintiff-Appellant, v. PEORIA POLICE PENSION FUND BOARD OF TRUSTEES, Defendant-Appellee.

Third District    No. 3—96—0682

Opinion filed February 25, 1997.

David M. Couri (argued), of Peoria, for appellant.

Stephen M. Buck (argued), of Husch & Eppenberger, of Peoria, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Jana Wyckoff-Dike appeals a trial court's denial of her motion to quash subpoenas issued by the defendant, Peoria Police Pension Fund Board (Board). The subpoenas were issued after Jana requested that the Board designate her son, Tristan, as a beneficiary of a deceased officer's pension because Tristan had been adjudicated by the circuit court of Peoria County to be the officer's child. At issue is whether the Illinois Pension Code (Code) (40 ILCS 5/1—101 *et seq.* (West 1994)) precludes the Board from adjudicating the issue of paternity after paternity is established in the circuit court. We hold that it does not. Thus, we affirm.

## FACTS

Jana allegedly had a relationship with a police officer named Jerome Short. She claims that as a result of the relationship she became pregnant and gave birth to Tristan. While alive, Jerome did not acknowledge paternity. However, after his death, Jana contacted the Board to request that Tristan receive benefits as a surviving child under the police pension act. The Board denied the request because there was insufficient evidence of paternity.

Thereafter, Jana filed a paternity action under the Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 1994)). This action was uncontested and resulted in a finding that Tristan was Jerome's son. The action, however, was against Jerome's estate and did not name the Board as a defendant. Following the entry of the order, Jana's attorney, Christopher Ryan, contacted the Board to inform it of the circuit court's finding and to request that the Board determine what benefits Tristan should receive. The Board responded that a formal hearing was required where Jana could introduce evidence on the issue of paternity.

After allegedly discussing with the Board the use of DNA testing as a method of proving paternity, Ryan began the process of acquiring tissue samples and forwarded them to a laboratory for testing. He indicated that Tristan would submit a blood sample once it was determined that Jerome's tissue could be tested. However, before the test results returned, Ryan withdrew as Jana's attorney. Jana's new attorney indicated that Jana did not want to proceed with the testing. In preparation for the formal hearing on the case, the Board then issued subpoenas to acquire the records relating to the DNA testing from Ryan and to compel Tristan to submit to a blood test.

Jana moved to quash the subpoenas in the circuit court. The trial court denied this motion and ruled that: (1) under the Pension Code, the Board has exclusive authority to manage the pension fund; (2) the question of whether Jerome was the father was a question of fact properly before the Board; (3) the Board was not bound by the previous court action because the Board was not in privity with Jerome's estate; and (4) the subpoenas issued by the Board were within its authority under section 3—136 of the Pension Code (40 ILCS 5/3—136 (West 1994)) and sought reasonable and relevant information. Jana appeals.

## ANALYSIS

■ Resolution of this dispute depends on an interpretation of section 1—104.2 of the Illinois Pension Code. 40 ILCS 5/1—104.2 (West 1994). The relevant portion of section 1—104.2 provides:

"[C]hildren not conceived in lawful wedlock shall be entitled to the same benefits as other children, and no child's or survivor's benefit shall be disallowed because of the illegitimacy of the child; however, in cases where the father is the employee parent, paternity must first be established. Paternity may be established by any one of the following means: (1) acknowledgment by the father, or (2) adjudication before or after the death of the father, or (3) any other means acceptable to the board of trustees of the pension fund or retirement system." 40 ILCS 5/1—104.2 (West 1994).

■ The primary rule of statutory interpretation is that the court should ascertain and give effect to the intent of the legislature. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 634 N.E.2d 712 (1994). While the court is not bound by an agency's interpretation of a statute that the agency is charged with enforcing, the interpretation is entitled to deference. *Granite City Community Unit School District No. 9 v. Illinois Educational Labor Relations Board*, 279 Ill. App. 3d 439, 664 N.E.2d 1060 (1996). Rules covering fire and police pensions are to be liberally construed to favor pension beneficiaries. *Swiatek v. Bensenville Police Pension Board*, 205 Ill. App. 3d 85, 562 N.E.2d 1270 (1990).

■ The court's review of an issuance of administrative subpoenas is limited to a consideration of: (1) the constitutionality of a statute; (2) whether the contemplated agency proceedings are included within the statutory authority; (3) the reasonableness of the demand; and (4) the relevance of the information sought. *Illinois Department of Public Aid v. Kessler*, 72 Ill. App. 3d 802, 391 N.E.2d 160 (1979).

Jana argues that the subpoenas issued by the Board should be quashed because they are irrelevant.[1] She asserts that since the statute permits proof of paternity by adjudication after the father's death, and the circuit court had the authority to rule on the issue of paternity under the Parentage Act (750 ILCS 45/9(a), (b) (West 1994)), the issue of paternity was conclusively established and there is nothing left for the Board to determine.

■ Although paternity was established in a court of law, we cannot agree with Jana's contention that the Board should be precluded from holding its own independent hearing. The Board is entrusted with the duty of protecting the police pension fund from disbursements made to individuals who are not entitled to payments. *People ex. rel. Loftus v. Keller*, 332 Ill. App. 389, 75 N.E.2d 408 (1947); see also *Bowden v. Flannery*, 18 Ill. App. 2d 299, 152 N.E.2d 188 (1958) (whether party was entitled to receive pension benefits was a question of fact to be determined by the Board). To fulfill this duty, we hold that the Board must be allowed to question paternity, even when paternity has been addressed in a separate action.

However, this does not mean, as the Board urges, that prior paternity determinations may be ignored by the Board. Section 1—104.2 does not specifically state that the Board must accept a prior adjudication, but the statute clearly contemplates that an adjudication will play some role in a hearing before the Board.

---

[1]The question of whether the Board has the authority to subpoena documents and require blood samples was not presented to the court for review, and we express no opinion on that issue.

Although a review of the legislative history provides no guidance, we believe that the statute seeks to strike a balance between the rights of a beneficiary, the need for judicial economy and the Board's role of reviewing an applicant's status to determine whether the circumstances entitle the individual to pension benefits. Therefore, as in the case when an individual seeks to prove heirship by introducing a prior court order (see 755 ILCS 5/5—3(c) (West 1994)), we hold that proof of paternity by a prior adjudication under section 1—104.2 is *prima facie* evidence of paternity. When a plaintiff presents the prior adjudication as evidence of paternity, a rebuttable presumption arises and the burden of persuasion shifts to the Board. The Board must then present sufficient evidence to support a finding that the court-adjudicated father is not the biological father. See *Franciscan Sisters Health Care Corp. v. Dean*, 95 Ill. 2d 452, 448 N.E.2d 872 (1983) (discussing rebuttable presumptions and burdens of parties). The Board's final decision will be based upon the evidence introduced at the hearing, and that decision will be reviewable under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1994)). See 40 ILCS 5/3—148 (West 1994). Were we to hold otherwise, a potential beneficiary could petition the circuit court and essentially have the court place him on the pension rolls. Such a result is not contemplated by the Code as it would lead to the circumvention of the Board, which is the body entrusted with designating the beneficiaries of the fund. 40 ILCS 5/3—128 (West 1994).

Accordingly, we hold that the Board was not precluded from adjudicating the issue of paternity despite the fact that paternity was established in a prior action against the deceased's estate. Therefore, the trial court properly denied Jana's motion to quash because the Board's subpoenas sought information that was relevant to the issue of paternity.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HOMER and McCUSKEY, JJ., concur.