NO. 3-96-0682

                                  IN THE 

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

JANA WYCKOFF-DIKE, legal             )  Appeal from the Circuit Court 

guardian and next friend of     )  of the 10th Judicial Circuit,

TRISTAN J.B. WYCKOFF, a         )  Peoria County, Illinois

minor,                          )

                                )  

     Plaintiff-Appellant        )

                                )

     v.                         )  No. 96-MR-72

                                )  

PEORIA POLICE PENSION FUND      )  

BOARD OF TRUSTEES,              )  Honorable

                                )  Richard Grawey

     Defendant-Appellee.        )  Judge Presiding.

                                                                  

            JUSTICE BRESLIN delivered the opinion of the court:

                                                                  

     Plaintiff Jana Wyckoff-Dike appeals a trial court's denial of

her motion to quash subpoenas issued by the defendant, Peoria

Police Pension Fund Board (Board).  The subpoenas were issued after

Jana requested that the Board designate her son, Tristan, as a 

beneficiary of a deceased officer's pension because Tristan had

been adjudicated by the Circuit Court of Peoria County to be the

officer's child.  At issue is whether the Illinois Pension Code

(Code), (40 ILCS 5/1-101 et seq. (West 1994)), precludes the Board

from adjudicating the issue of paternity after paternity is

established in the circuit court.  We hold that it does not.  Thus,

we affirm.

                                   FACTS

          Jana allegedly had a relationship with a police officer

named Jerome Short.  She claims that as a result of the

relationship she became pregnant and gave birth to Tristan.  While

alive, Jerome did not acknowledge paternity.  However, after his

death, Jana contacted the Board to request that Tristan receive

benefits as a surviving child under the Police Pension Act.  The

Board denied the request because there was insufficient evidence of

paternity.

     Thereafter, Jana filed a paternity action under the Parentage

Act of 1984 (750 ILCS 45/1 et seq. (West 1994)).  This action was

uncontested and resulted in a finding that Tristan was Jerome's

son.  The action, however, was against Jerome's estate and did not

name the Board as a defendant.  Following the entry of the order,

Jana's attorney, Christopher Ryan, contacted the Board to inform it

of the circuit court's finding and to request that the Board

determine what benefits Tristan should receive.  The Board

responded that a formal hearing was required where Jana could

introduce evidence on the issue of paternity.  

     After allegedly discussing with the Board the use of DNA

testing as a method of proving paternity, Ryan began the process of

acquiring tissue samples and forwarded them to a laboratory for

testing.  He indicated that Tristan would submit a blood sample

once it was determined that Jerome's tissue could be tested. 

However, before the test results returned, Ryan withdrew as Jana's

attorney.  Jana's new attorney indicated that Jana did not want to

proceed with the testing.  In preparation for the formal hearing on

the case, the Board then issued subpoenas to acquire the records

relating to the DNA testing from Ryan, and to compel Tristan to

submit to a blood test.  

     Jana moved to quash the subpoenas in the circuit court. The

trial court denied this motion and ruled that: (1) under the

Pension Code, the Board has exclusive authority to manage the

Pension Fund; (2) the question of whether Jerome was the father was

a question of fact properly before the Board; (3)  the Board was

not bound by the previous court action because the Board was not in

privity with Jerome's estate; and (4) the subpoenas issued by the

Board were within its authority under 40 ILCS 5/3-136 (West 1994)

and sought reasonable and relevant information.  Jana appeals.

                                 ANALYSIS

     Resolution of this dispute depends on an interpretation of

section 1-104.2 of the Illinois Pension Code. 40 ILCS 5/1-104.2

(West 1994).   The relevant portion of section 1-104.2 provides:

       [C]hildren not conceived in lawful wedlock shall be

       entitled to the same benefits as other children,

       and no child's or survivor's benefit shall be

       disallowed because of the illegitimacy of the

       child; however, in cases where the father is the

       employee parent, paternity must  first be

       established.  Paternity may be established by any

       one of the following means: (1) acknowledgment by

       the father, or (2) adjudication before or after the

       death of the father, or (3) any other means

       acceptable to the board of trustees of the pension

       fund or retirement system. 

       40 ILCS 5/1-104.2 (West 1994).   

     The primary rule of statutory interpretation is that the court

should ascertain and give effect to the intent of the legislature. 

Bonaguro v. County Officers Electoral Board, 158 Ill. 2d 391, 634

N.E.2d 712 (1994).  While the court is not bound by an agency's

interpretation of a statute which the agency is charged with

enforcing, the interpretation is entitled to deference.  Granite

City Community Unit School District #9 v. Illinois Educational

Labor Relations Board, 279 Ill. App. 3d 439, 664 N.E.2d 1060

(1996).  Rules covering fire and police pensions are to be

liberally construed to favor pension beneficiaries. Swiatek v.

Bensenville Police Pension Board, 205 Ill. App. 3d 85, 562 N.E.2d

1270 (1990).

     The court's review of an issuance of administrative subpoenas

is limited to a consideration of: (1) the constitutionality of a

statute; (2) whether the contemplated agency proceedings are

included within the statutory authority; (3) the reasonableness of

the demand; and (4) the relevance of the information sought. 

Illinois Department of Public Aid v. Kessler, 72 Ill. App. 3d 802,

391 N.E.2d 160 (1979).

     Jana argues that the subpoenas issued by the Board should be

quashed because they are irrelevant.  She asserts that since the

statute permits proof of paternity by adjudication after the

father's death, and the circuit court had the authority to rule on

the issue of paternity under the Parentage Act, (750 ILCS 45/9(a)-

(b) (West 1994)), the issue of paternity was conclusively

established and there is nothing left for the Board to determine.

     Although paternity was established in a court of law, we

cannot agree with Jana's contention that the Board should be

precluded from holding its own independent hearing.  The Board is

entrusted with the duty of protecting the police pension fund from

disbursements made to individuals who are not entitled to payments. 

People ex rel. Loftus v. Keller, 332 Ill. App. 389, 75 N.E.2d 408

(1947); see also Bowden v. Flannery, 18 Ill. App. 2d 299, 152

N.E.2d 188 (1958) (whether party was entitled to receive pension

benefits was a question of fact to be determined by the Board).  To

fulfill this duty, we hold that the Board must be allowed to

question paternity, even when paternity has been addressed in a

separate action.         

     However, this does not mean, as the Board urges, that prior

paternity determinations may be ignored by the Board.  Section 1-

104.2 does not specifically state that the Board must accept a

prior adjudication, but the statute clearly contemplates that an

adjudication will play some role in a hearing before the Board.   

     Although a review of the legislative history provides no

guidance, we believe that the statute seeks to strike a balance

between the rights of a beneficiary, the need for judicial economy

and the Board's role of reviewing an applicant's status to

determine whether the circumstances entitle the individual to

pension benefits.  Therefore, as in the case when an individual

seeks to prove heirship by introducing a prior court order, (see

755 ILCS 5/5-3(c) (West 1994)), we hold that proof of paternity by

a prior adjudication under 1-104.2 is prima facie evidence of

paternity.  When a plaintiff presents the prior adjudication as

evidence of paternity, a rebuttable presumption arises and the

burden of persuasion shifts to the Board.  The Board must then

present sufficient evidence to support a finding that the court

adjudicated father is not the biological father. See Franciscan

Sisters Health Care Corp. v. Dean, 95 Ill. 2d 452, 448 N.E.2d 872

(1983) (discussing rebuttable presumptions and burdens of parties). 

The Board's final decision will be based upon the evidence

introduced at the hearing, and that decision will be reviewable

under the Administrative Review Act. See 40 ILCS 5/3-148 (West

1994).  Were we to hold otherwise, a potential beneficiary could

petition the circuit court and essentially have the court place him

on the pension rolls.  Such a result is not contemplated by the

Code as it would lead to the circumvention of the Board which is

the body entrusted with designating the beneficiaries of the fund. 

40 ILCS 5/3-128 (West 1994).  

     Accordingly, we hold that the Board was not precluded from

adjudicating the issue of paternity despite the fact that paternity

was established in a prior action against the deceased's estate. 

Therefore, the trial court properly denied Jana's motion to quash

because the Board's subpoenas sought information which was relevant

to the issue of paternity.   

     For the foregoing reasons, the judgment of the circuit court

of Peoria County is affirmed.

     Affirmed.

     HOMER and McCUSKEY, JJ., concurring.