Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



APPELLANT PRO SE:

**ANTHONY McCOY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY McCOY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1110-PC-511 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Samuel Keirns, Judge
Cause No. 02D04-0810-PC-106

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Anthony McCoy ("McCoy") appeals the denial of his petition for post-conviction relief, wherein he challenged his conviction for Child Molesting. We affirm.

## Issues

McCoy presents three issues for review:

I.   Whether he was denied the effective assistance of trial counsel;
II.  Whether he was denied the effective assistance of appellate counsel; and
III. Whether he was denied procedural due process in the post-conviction proceedings because his counsel withdrew.

## Facts and Procedural History

On direct appeal, the Court recited the relevant facts as follows:

> In the summer of 2004, K.C., who was then thirteen years old, resided with her mother and stepfather, McCoy. At that time, McCoy had been K.C.'s stepfather for about ten years. He was the predominant father figure in her life, and she called him "Dad." In June 2004, McCoy entered K.C.'s bedroom one night while she was sleeping, woke her up, and had sexual intercourse with her. McCoy said nothing to K.C. during this encounter, even when she asked him to stop.
>
> After the incident, K.C. began missing her periods. In late September 2004, K.C. began to experience cramping and bleeding after a volleyball practice. When she came home, she went to the restroom and passed a "large blood clot" into the toilet, which turned out to be fetal tissue. Her mother wrapped the clot in plastic and eventually took it to the hospital, where a DNA test confirmed that K.C. was the mother of the fetal tissue and McCoy was the father. The doctor told K.C. that she had been pregnant and had miscarried.

McCoy v. State, 856 N.E.2d 1259, 1261 (Ind. Ct. App. 2006).

On January 11, 2006, a jury found McCoy guilty of Class A felony Child Molestation, as charged. He was sentenced to forty-five years imprisonment.

McCoy appealed, alleging that there was insufficient evidence to support his conviction, and that the trial court had relied upon improper sentencing aggravators and had imposed an inappropriate sentence. <u>See</u> <u>id.</u> The conviction was affirmed. <u>See</u> <u>id</u> at 1264.

On October 22, 2008, McCoy filed a pro-se petition for post-conviction relief. The State Public Defender appeared, but subsequently withdrew from representation. The post-conviction court ordered the evidentiary matter to be submitted on affidavits. On September 28, 2011, the post-conviction court entered its Findings of Fact, Conclusions of Law, and order denying McCoy post-conviction relief. He now appeals.

**Discussion and Decision**

<u>Standard of Review</u>

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); <u>Fisher v. State</u>, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. <u>Id.</u> On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. <u>Id.</u> A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. <u>Id.</u> In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. <u>Id.</u> The post-conviction court is the sole judge of the weight of the

3

evidence and the credibility of witnesses.  Id.

## I. Effectiveness of Trial Counsel

### Standard of Review

To establish a post-conviction claim alleging a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984).  "First, a defendant must show that counsel's performance was deficient."  Id. at 687.  This requires a showing that counsel's representation fell below an objective standard of reasonableness and that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment."  Id.  "Second, a defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial," that is, a trial where the result is reliable.  Id.  To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  Id.  Further, we "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions.  McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002).

Counsel is to be afforded considerable discretion in the choice of strategy and tactics.  Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001).  Counsel's conduct is assessed based upon the facts known at the time and not through hindsight.  State v. Moore, 678 N.E.2d

1258, 1261 (Ind. 1997). We do not "second-guess" strategic decisions requiring reasonable professional judgment even if the strategy in hindsight did not serve the defendant's interests. Id. In sum, trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall outside the objective standard of reasonableness. Autrey v. State, 700 N.E.2d 1140, 1141 (Ind. 1998).

<u>Analysis</u>

When McCoy committed his crime, Indiana Code Section 35-50-2-4 provided that a person who committed a Class A felony should be imprisoned for a fixed term of thirty years, with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances.[1] In imposing a sentence of forty-five years, the trial court identified three aggravating circumstances: (1) McCoy's criminal history, (2) his violation of a position of trust, and (3) the victim's pregnancy. McCoy claims his trial attorney was ineffective for failing to object that his sentence was imposed in violation of his Sixth Amendment right to have a jury determine whether or not there existed aggravating circumstances to support his sentence enhancement, according to Blakely v. Washington, 542 U.S. 296 (2004).

The Blakely court applied the rule set forth in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved

---

[1] Effective April 25, 2005, our legislature replaced the prior sentencing statutes, which provided for a "presumptive" sentence for each class of felony, with new statutes providing for an "advisory" sentence.

beyond a reasonable doubt." The <u>Blakely</u> court defined the relevant statutory maximum for <u>Apprendi</u> purposes as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

In <u>Smylie v. State</u>, 823 N.E.2d 679, 685 (Ind. 2005), our Supreme Court applied Blakely to invalidate portions of Indiana's sentencing scheme that allowed a trial court, without the aid of a jury or a waiver by the defendant, to enhance a sentence where certain factors were present. The Court has subsequently clarified that a sentence may be enhanced upon facts that "are established in one of several ways: 1) as a fact of prior conviction; 2) by a jury beyond a reasonable doubt; 3) when admitted by a defendant; and 4) in the course of a guilty plea where the defendant has waived Apprendi rights and stipulated to certain facts or consented to judicial factfinding." <u>Trusley v. State</u>, 829 N.E.2d 923, 925 (Ind. 2005).

The jury need not have determined the fact of McCoy's prior conviction. Also, McCoy testified at trial and admitted that he was in a position of trust with K.C., and had caused her pregnancy:

Q:    Mr. McCoy, [K.C.] got pregnant and you were the father of that baby, correct?

A:    That's correct.

Q:    You are [K.C.'s] stepfather?

A:    Yes.

Q:    You've been in her life since she was about two years old?

A:    Correct.

Q:    She calls you daddy?

6

A:    Yes.

Q:    She counts on you to protect her, take care of her, is that correct?

A:    That's correct.

Q:    And as a father that [sic] position of trust between the two of you, isn't there?

A:    Yes.

Q:    And based on the actions that happened between you and [K.C.], she got pregnant and had a miscarriage, correct?

A:    Yes.

(Tr. 245.) Accordingly, McCoy's sentence enhancement rested upon properly admitted facts. He has shown no Blakely violation, and thus no ineffectiveness of counsel for failure to lodge a specific Blakely challenge.[2]

## II.  Effectiveness of Appellate Counsel

A defendant is entitled to the effective assistance of appellate counsel. Stevens v. State, 770 N.E.2d 739, 760 (Ind. 2002). Appellate ineffectiveness claims are evaluated under the standard of Strickland, 466 U.S. at 668. McCoy claims that appellate counsel was ineffective for failing to raise a viable issue, that he was denied the right to have a jury determine the facts supporting the aggravation of his sentence.

The decision regarding what issue or issues to raise on appeal "is one of the most

---

[2] The transcript of the sentencing hearing indicates that, although counsel did not specify that his argument was based upon Blakely, counsel nonetheless argued to the trial court that any facts to be used in aggravation of McCoy's sentence should be determined by a jury. (Sent. Tr. 5-6.)

7

important strategic decisions made by appellate counsel." Bieghler v. State, 690 N.E.2d 188, 193 (Ind. 1997). The petitioner must demonstrate "from the information available in the trial record or otherwise known to appellate counsel that appellate counsel failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy." Ben-Yisrayl v. State, 738 N.E.2d 253, 261 (Ind. 2000). Even if counsel's choice of issues was not reasonable, the petitioner's claim will not prevail unless he can demonstrate a reasonable probability that the outcome of the direct appeal would have been different. Bieghler, 690 N.E.2d at 194.

Having determined that McCoy had no meritorious Blakely claim, we accordingly conclude that appellate counsel was not ineffective for failing to raise a Blakely challenge to McCoy's sentence.

### III. Due Process in Post-Conviction Proceedings

Finally, McCoy claims that he was denied due process because the office of the public defender withdrew representation. The right to counsel in a post-conviction proceeding is not required under either the Sixth Amendment to the United States Constitution or Article I, Section 13 of the Indiana Constitution. See Daniels v. State, 741 N.E.2d 1177, 1190 (Ind. 2001). However, Indiana's post-conviction rules provide that an indigent petitioner may be represented by the State Public Defender, where the State Public Defender determines that the proceeding is meritorious and in the interests of justice. Ind. Post-Conviction Rule 1(9)(a). Nonetheless, McCoy provides no authority for the assertion that, in the event the State Public Defender exercises professional judgment that withdrawal for lack of merit is

8

warranted, such is equivalent to a denial of due process. He has not demonstrated entitlement to post-conviction relief on this basis.

## Conclusion

McCoy has not established that he was denied the effective assistance of trial or appellate counsel; nor has he shown that he was denied due process. Accordingly, the post-conviction court properly denied McCoy post-conviction relief.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.